## Boras et al. v. Gdovin et al.

*Church law—Corporations—Change of location of church building.*

1. The majority of those members of a church corporation who are entitled to vote on temporal matters at a duly convened meeting of the congregation may change the location of the church building.

2. It is for such majority to amend by changing the place of worship at their will and pleasure, subject to regulation at the hands of the civil courts, in so far as to see that the amendment is for a lawful purpose and that the prescribed forms of law are observed.

Exceptions to decree *nisi.* C. P. Lackawanna Co., Nov. T., 1924, No. 10.

*P. M. Dzwonchyk,* for plaintiffs.

*Knapp, O'Malley, Hill & Harris* and *A. S. Prokopovitch,* for defendants.

NEWCOMB, P. J., Jan. 16, 1926.—The decree was entered by Judge Edwards sitting as a chancellor. The exceptions were pending in his hands at the time of his death.

The issue is on the question of the power of a religious congregation to change the location of its place of public worship.

That is a mere matter of the terms of its charter. As originally framed, the location was in the Borough of Winton. The time came when, for reasons satisfactory to the majority of the congregation, it was decided to abandon that site and to erect a church edifice in the Borough of Dickson City. The change was opposed by the minority members, who filed this bill for an injunction pending a proceeding to amend the charter in respect to such location. The proposed amendment, though contested, was eventually approved. Thereupon this proceeding went to a decree *nisi* dismissing the bill.

It is not apparent how the result could be otherwise. The subject-matter is one exclusively within the jurisdiction of the corporate authority. That is lodged in the body of its membership. It is for them to amend by changing the place of worship at their will and pleasure, subject to regulation at the hands of the civil courts to a limited extent. That is to say, only so far as to see that the amendment is for a lawful purpose and that the prescribed forms of law are observed in procuring it.

The proceedings here are open to no objection for irregularity on that score; and that must be deemed decisive.

The exceptions are overruled.

From William A. Wilcox, Scranton, Pa.